**Wacks & Hartmann, LLC**
Attorneys at Law
55 Madison Avenue, Suite 320A
Morristown, NJ 07960-7397
Telephone:  (973) 644-0770
Attorneys for Plaintiff, Christine M. Nicholas

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE M. NICHOLAS, an individual; on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CMRE FINANCIAL SERVICES, INC., a California Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,<br><br>Defendants. | Civil Action No. _____<br><br><br>**CLASS ACTION COMPLAINT**<br>**and**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Christine M. Nicholas, on behalf of herself and all others similarly situated, by way of Complaint against the Defendants, says:

### I.  PARTIES

1.    CHRISTINE M. NICHOLAS ("NICHOLAS") is a natural person who, at all times relevant to this complaint, resided in the Borough of Upper Saddle River, Bergen County, New Jersey.

pds1311

2.     At all times relevant to this complaint, CMRE FINANCIAL SERVICES, INC. ("CMRE") is a for-profit corporation existing pursuant to the laws of the State of California. CMRE maintains its principal business address at 3075 East Imperial Highway, Suite 200, City of Brea, Orange County, California.

3.     Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

## II.  JURISDICTION & VENUE

4.     With respect to Plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5.     With respect to Plaintiff's claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500.00 in damages for each telephone call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000.00 threshold required for federal court jurisdiction. Additionally, Plaintiff has alleged a national class, which will result in at least one class member belonging to a different state.  Therefore, both elements of diversity jurisdiction under the Class

Action Fairness Act of 2005 are present, and this Court has jurisdiction.

6.      Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

7.      Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because CMRE resides in the State of New Jersey within the meaning of 28 U.S.C. § 1391(b) and (c).

### III.  PRELIMINARY STATEMENT

8.      Plaintiff, on her own behalf and on behalf of the class she seeks to represent, and demanding a trial by jury, brings this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiff and others. The Plaintiff alleges that the Defendants' collection practices violate the FDCPA.

9.      Such practices include, *inter alia*:

(a)     Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of Defendants' identity;

(b)     Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

(c)     Leaving telephonic voice messages for consumers, which fail to

disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

10.   The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

11.   The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison,* 950 F.2d 107, 111, fn5 (3d Cir. 1991).

12.   To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

pds1311

connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

13.    To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

14.    Additionally, the Plaintiff, on her own behalf and on behalf of the class she seeks to represent, and demanding a trial by jury, also brings this action for the illegal practices of the Defendants who negligently, knowingly, and/or willfully contacted Plaintiff and other persons on their cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") thereby invading the privacy of Plaintiff and others.

15.    The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal

in nature, as deemed appropriate by this Court, pursuant to the FDCPA, TCPA, and all other common law or statutory regimes. The Plaintiff, on behalf of herself and all others similarly situated, requests that she and the class members be awarded statutory, common law, or actual damages payable by the Defendants.

## IV.  FACTS CONCERNING PLAINTIFF

16.    Sometime prior to October 2007, NICHOLAS allegedly incurred a financial obligation arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and defaulted on that obligation ("Nicholas Obligation").

17.    The alleged Nicholas Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

18.    NICHOLAS is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

19.    NICHOLAS is informed and believes, and on that basis alleges, that sometime prior to October 2007, the creditor of the Nicholas Obligation either directly or through *mesne* transactions assigned, placed, transferred, or sold the debt to CMRE for collection.

20.    At all times relevant to this complaint, NICHOLAS is a "person" as defined by 47 U.S.C. § 153(32).

pds1311

21.     At all times relevant to this complaint, CMRE is a "person" as defined by 47 U.S.C. § 153(32).

## A.     Facts Related to FDCPA Claims

22.     Within the one year immediately preceding the filing of this complaint, CMRE contacted NICHOLAS numerous times via telephone in an attempt to collect the alleged Nicholas Obligation.

23.     Within the one year immediately preceding the filing of this complaint, NICHOLAS received numerous "pre-recorded" telephonic voice messages on her cellular telephone ("Messages").

24.     Each of the Messages was left by persons employed by CMRE in an attempt to collect the alleged Nicholas Obligation.

25.     Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

26.     Each of the Messages uniformly failed to:

    (a)     Provide meaningful disclosure of CMRE's identity as the caller;

    (b)     Disclose that the communication was from a debt collector; and

    (c)     Disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

27.    Each of the Messages is false, deceptive, and misleading in that the natural consequence of these communications is to harass, oppress, or abuse the least sophisticated consumer and other persons in violation of the FDCPA.

28.    Each of the Messages is false, deceptive, and misleading insofar as CMRE failed to give meaningful disclosure of its identity, disclose the purpose of its call, or disclose that CMRE is a debt collector, thereby circumventing Congress's intent to deprive NICHOLAS of the ability to make an informed decision as to whether she wished to speak with a debt collector.

**B.    Facts Related to Plaintiffs' TCPA Claims**

29.    On multiple occasions over numerous days, all prior to the date this Complaint was filed, but sometime after four years prior to the date this Complaint was filed, CMRE also contacted NICHOLAS on her cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) ("TCPA Calls").

30.    NICHOLAS is informed and believes, and on that basis alleges, that during these TCPA Calls placed by CMRE to her cellular telephone, CMRE used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

31.    At all times relevant to this complaint, NICHOLAS's telephone number, to which CMRE placed its TCPA Calls, were assigned to a cellular telephone service for which NICHOLAS incurred charges for incoming calls

pds1311

pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

32.    The TCPA Calls placed by CMRE to NICHOLAS constituted calls that were not for "emergency purposes" as contemplated by 47 U.S.C. § 227(b)(1)(A).

33.    All of the CMRE artificial and prerecorded telephone messages left for NICHOLAS as a result of the TCPA Calls failed to state, at the beginning of the message, the identity of the business, individual, or other entity initiating the call.

34.    At no time did NICHOLAS ever provide CMRE with "prior express consent" to make any calls to her on her cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice".

35.    The TCPA Calls placed by CMRE to NICHOLAS'S cellular telephone were in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

## XI.  POLICIES AND PRACTICES COMPLAINED OF

36.    It is CMRE's policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by uniformly failing to:

    (a)    Provide meaningful disclosure of CMRE's identity as the caller;

    (b)    Disclose that the communication is from a debt collector; and

pds1311

(c)     Disclose the purpose or nature of the communication.

37.     On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the thousands.

38.     It is also CMRE's policy and practice to make calls to cellular telephones, such as the TCPA Calls, for non-emergency purposes and without the prior express consent of the called party, using automatic telephone dialing systems and artificial or prerecorded voices all in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

39.     On information and belief, the TCPA Calls, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the thousands.

## IX.  CLASS ALLEGATIONS

40.     This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks to certify two classes.

41.     The First Plaintiff Class consists of all persons with addresses in the United States of America who received a telephonic voice message from CMRE left after one-year immediately preceding the commencement of this civil action up through and including the date of preliminary class certification, which message failed to meaningfully identify CMRE as the caller, disclose that the communication was from a debt collector, or state the purpose or nature of the

pds1311

communication.

42.     The Second Plaintiff Class consists of all persons with addresses in the United States of America who received a call from CMRE to their cellular telephone(s), for non-emergency purposes and without the prior express consent of the called party, wherein CMRE used an automatic telephone dialing system and artificial or prerecorded voices after four years immediately preceding the commencement of this civil action up through and including the date of preliminary class certification.

43.     The identities of all class members are readily ascertainable from the records of CMRE and those companies and governmental entities on whose behalf CMRE attempts to collects debts and places such telephone calls in violation of the TCPA.

44.     Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of CMRE, Defendants, and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

45.     With respect to Plaintiff's FDCPA claims, the class period is one year prior to the filing of the initial complaint in this action and continues up to and including the date of preliminary class certification.

46. With respect to the Plaintiff's TCPA claims, the class period is four years prior to the filing of the initial complaint in this action and continues up to and including the date of preliminary class certification.

47. The Plaintiff and members of the Second Plaintiff Class, as defined *supra*, were harmed by the Defendants' violative acts in at least the following ways: (i) by illegally contacting the Plaintiff and class members via their cellular telephones thereby causing Plaintiff and class members to incur certain cellular telephone charges or reduce the cellular telephone time for which Plaintiff and class members previously paid; (ii) by causing Plaintiff and class members to retrieve or administer illegal telephonic voice messages left by Defendants during those violative telephone calls; and (iii) by invading the privacy of Plaintiff and class members.

48. With respect to the First Plaintiff Class, there are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. Those principal issues are: whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

49. With respect to the Second Plaintiff Class, there are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.

pds1311

50.     Those principal issues are:

(a)     Whether, within the four years prior to the filing of this Complaint, Defendants made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service in violation of 47 U.S.C. § 227(b)(1)(A)(iii);

(b)     Whether Plaintiff and members of the Second Plaintiff Class were damaged by the Defendants' violation of 47 U.S.C. § 227(b)(1)(A)(iii), and the extent of damages for such violations; and

(c)     Whether the Defendants should be enjoined from engaging in future conduct that violates 47 U.S.C. § 227(b)(1)(A)(iii).

51.     With respect to the Second Plaintiff Class, this lawsuit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Plaintiff and the members of the Plaintiff Class she seeks to represent. This lawsuit is expressly not intended to request any recovery for personal injury claims related to Defendants' violations of the TCPA. Plaintiff reserves the right, however, to expand the Second Class definition to seek recovery on behalf of

pds1311

additional persons as warranted by facts that are learned through further investigation and discovery.

52.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

53.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

54.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the classes defined above are so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issues are:

(i)     Whether the Defendants' telephonic voice messages,

such as the Messages, violate 15 U.S.C. §§ 1692d(6);

(ii)     Whether the Defendants' telephonic voice messages, such as the  Messages, violate 15 U.S.C. §§ 1692e(11);

(iii)    Whether, within the four years prior to the filing of this Complaint, Defendants made any call (other than a call made for emergency purposes or made with the prior express consent of the called party), such as the TCPA Calls, using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service in violation of 47 U.S.C. § 227(b)(1)(A)(iii);

(iv)    Whether Plaintiff and the members of Plaintiff Classes were  damaged by the Defendants' violation of 47 U.S.C. § 227(b)(1)(A)(iii), and the extent of damages for such violations;   and

(v)     Whether the Defendants should be enjoined from engaging in future conduct that violates 47 U.S.C. § 227(b)(1)(A)(iii).

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff classes have

claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)     **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. An important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and the potential inconsistent or contradictory adjudications will be

pds1311

avoided as contemplated by Rule 23(b)(1) of the Federal Rules of Civil Procedure.

55.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(a)     The questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member; and

(b)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

56.     Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(2) for equitable relief and Rule 23(b)(3) for monetary damages.

## X.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

57.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

58.     Defendants violated the FDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a)     Placing telephone calls without providing meaningful disclosure of CMRE's identity as the caller in violation of 15

pds1311

U.S.C. § 1692d(6).

(b)     Failing to disclose in its initial communication with the

consumer that CMRE is attempting to collect a debt and that

any information obtained will be used for that purpose, which

constitutes a violation of 15 U.S.C. § 1692e(11).

(c)     Failing to disclose in all oral communications that CMRE is a

debt collector in violation of 15 U.S.C. § 1692e(11).

## XI.  SECOND CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)(1)(A)(iii) (AGAINST ALL DEFENDANTS)

59.     Plaintiff realleges and incorporates by reference the allegations in the

preceding paragraphs of this Complaint.

60.     The Defendants' foregoing acts and omissions, as set forth and

described at length above in the Facts Concerning Plaintiff, constitute numerous

and multiple negligent violations of the TCPA, including but not limited to 47

U.S.C. § 227(b)(1)(A)(iii).

61.     As a result of the Defendants' negligent violations of 47 U.S.C. §

227(b)(1)(A)(iii), Plaintiff and the members of the Second Plaintiff Class are

entitled to an award of $500.00 in statutory damages, for each and every violation,

pursuant to 47 U.S.C. § 227(b)(3)(B),(C).

pds1311

62.    As a result of the Defendants' negligent violations of 47 U.S.C. §

227(b)(1)(A)(iii), Plaintiff and the members of the Second Plaintiff Class are

entitled to, and seek, injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A),(C) to

enjoin Defendants from engaging in such violative conduct in the future.

## XII.  THIRD CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)(1)(A)(iii) (AGAINST ALL DEFENDANTS)

63.    Plaintiff realleges and incorporates by reference the allegations in the

preceding paragraphs of this Complaint.

64.    The Defendants' foregoing acts and omissions, as set forth and

described at length above in the Facts Concerning Plaintiff, constitute numerous

and multiple knowing and willful violations of the TCPA, including but not limited

to 47 U.S.C. § 227(b)(1)(A)(iii).

65.    As a result of the Defendants' knowing and willful violations of 47

U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the Second Plaintiff Class

are entitled to an award of treble damages, as provided by statute, up to $1,500.00

for each and every violation, pursuant to 47 U.S.C. § 227(b)(3),(B),(C).

66.    As a result of the Defendants' knowing and willful violations of 47

U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the Second Plaintiff Class

are entitled to, and seek, injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(B),(C)

to enjoin Defendants from engaging in such violative conduct in the future.

## XIII.  PRAYER FOR RELIEF

67.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the putative classes as follows:

A.     **For the FIRST CAUSE OF ACTION**:

(a)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing NICHOLAS and the undersigned counsel to represent the First Plaintiff Class as previously set forth and defined above.

(b)     An award of the maximum statutory damages for NICHOLAS and the First Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

(c)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(d)     For such other and further relief as may be just and proper.

B.     **For the SECOND CAUSE OF ACTION**:

(a)     An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing NICHOLAS and undersigned counsel to represent the Second Plaintiff Class as previously set forth and defined above.

(b)     An award of $500.00 in statutory damages for NICHOLAS and each member of the Second Plaintiff Class, as previously set forth and defined above, for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

(c)     Injunctive relief for NICHOLAS and the members of the Second Plaintiff Class pursuant to 47 U.S.C. § 227(b)(3)(A),(C) to enjoin the Defendants from engaging in future violations of 47 U.S.C. § 227(b)(1)(A)(iii) as complained of herein;

(d)     An award of costs and disbursements incurred by NICHOLAS and the Second Plaintiff Class in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs; and

(e)     For such other and further relief as the Court deems just and proper.

C.     **For the THIRD CAUSE OF ACTION**:

(a)     An order certifying that the Third Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and undersigned counsel to represent the Second Plaintiff Class as previously set forth and defined above.

(b)     An award of treble damages of up to $1,500.00, as provided by statute, in for Plaintiffs and each member of the Second Plaintiff Class, as previously set forth and defined above, for each and every

willful and/or knowing violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

(c)    Injunctive relief for Plaintiffs and the members of the Second Plaintiff Class pursuant to 47 U.S.C. § 227(b)(3)(A),(C) to enjoin the Defendants from engaging in future violations of 47 U.S.C. § 227(b)(1)(A)(iii) as complained of herein;

(d)    An award of costs and disbursements incurred by Plaintiffs and the Second Plaintiff Class in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs; and

(e)    For such other and further relief as the Court deems just and proper.

**WACKS & HARTMANN, LLC**

*/s/ Philip D. Stern*

Dated: September 30, 2008

PHILIP D. STERN
Attorney for Plaintiff, Christine M. Nicholas

## XVI.  DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT Plaintiff demands a trial by jury against the Defendants, and each of them, for each cause of action so triable.

**WACKS & HARTMANN, LLC**

*/s/ Philip D. Stern*

Dated: September 30, 2008

PHILIP D. STERN
Attorney for Plaintiff, Christine M. Nicholas

pds1311