NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| CHRISTINE M. NICHOLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 08-4857 (JLL) |
| v. | ) | |
| | ) | **OPINION** |
| CMRE FINANCIAL SERVICES, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

For Plaintiff: Philip D. Stern (*Wacks & Hartmann, LLC*)

For Defendant: Joseph J. Schiavone (*Budd Larner, PC*)
David A. Niles (*Budd Larner, PC*)
Virginia A. Pallotto (*Budd Larner, PC*)

**LINARES, District Judge.**

This matter comes before the Court on Defendant CMRE Financial Services, Inc.'s ("Defendant" or "CMRE") motion for a more definite statement [CM/ECF #5]. No oral argument was held. Fed. R. Civ. P. 78. For the reasons set forth in this Opinion, Defendant's motion is granted.

In her Complaint, Plaintiff Christine M. Nicholas ("Plaintiff" or "Nicholas") alleges that CMRE acquired rights to a personal debt she had incurred. (Compl. ¶¶ 16, 19.) CMRE then telephonically contacted Nicholas numerous times subsequent to September, 2007, in an attempt to collect the debt. (Id. ¶¶ 22-23.) At least some of these communications were in the form of pre-recorded voice messages to Nicholas's cellular phone. (Id. ¶ 23.) According to Plaintiff, the

1

messages uniformly and deceptively failed to adequately disclose CMRE's identity, mention that the calls were from a debt collector, or provide information on the purpose of the call. (Id. ¶¶ 22-28.)  Plaintiff further alleges that CMRE used artificial or prerecorded dunning calls at some point after September, 2004; that she was charged by her cellular phone for these incoming calls; and that she did not consent to CMRE making such calls to her cellular phone.  (Id. ¶¶ 29-34.)

Plaintiff filed her class action Complaint in this Court on September 30, 2008, asserting the federal question and diversity jurisdiction of this Court.  28 U.S.C. §§ 1331, 1332; Compl. ¶ 4-5.  The instant motion followed.

**DISCUSSION**

Rule of Civil Procedure 12(e) permits a defendant to make a motion for a more definite statement "[i]f a pleading . . . is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Such a motion "shall point out the defects complained of and the details desired."  Fed. R. Civ. P. 12(e).  Whether to grant such a motion is soundly within the district court's discretion.  Clark v. McDonald's Corp., 213 F.R.D. 198, 232 (D.N.J. 2003).  When a complaint does not provide a defendant notice of the facts underlying the plaintiff's claim(s), the defendant cannot adequately frame a proper response.  The "Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying [the] plaintiff's claim for relief."  Thomas v. Independence Twp., 463 F.3d 285, 301 (3d Cir. 2006).  With this framework in mind, the Court turns now to Defendant's motion.

CMRE argues that the Complaint is deficient on several grounds: that it does not sufficiently state the elements of a claim under 15 U.S.C. § 1692d(6) of the Fair Debt Collection

Practices Act ("FDCPA"), does not indicate how Defendant actually violated 15 U.S.C. § 1692e(11), does not provide sufficient detail for Defendant to raise jurisdictional defenses under Rule 12, fails to demonstrate that Plaintiff is an appropriate class plaintiff, prevents Defendant from framing defenses to Plaintiff's Telephone Consumer Protection Act ("TCPA") claims, and fails to set forth class action allegations sufficiently to permit defenses based on Rule 23.  (Def. Br. at 10-16.)

**A.      Plaintiff's FDCPA Claims**

"The Fair Debt Collection Practices Act . . . provides a remedy for consumers who have been subjected to abusive, deceptive, or unfair debt collection practices by debt collectors." Pollice v. National Tax Funding, L.P., 225 F.3d 379, 400 (3d Cir. 2000).  Plaintiff's claims under the FDCPA must be pled in compliance with the general rule for pleadings set forth in Federal Rule of Civil Procedure 8(a).  See Jones v. Select Portfolio Servicing, Inc., No. 08-972, 2008 WL 1820935, at *3-4 (E.D. Pa. Apr. 22, 2008) (finding that Rule 8(a) applies to claims under the FDCPA).

Although Rule 8(a) does not require detailed factual pleadings, the Third Circuit Court of Appeals has clarified the level of detail required in an initial pleading:

> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: "stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).  In Phillips, the Third Circuit

also emphasized that "some complaints will require at least some factual allegations" in order to

make the necessary context-sensitive "showing" under Rule 8(a).  Phillips, 515 F.3d at 232.

The Supreme Court has recently elaborated on Twombly's requirement for some factual

content in an initial pleading, and specifically addressed pleadings that do not contain sufficient

facts to add plausibility to legal conclusions contained therein.  Ashcroft v. Iqbal, — S. Ct. —,

2009 WL 1361536, slip op. at 14 (2009).  Specifically, the Court found that "bare assertions"

merely reciting the elements of a cause of action are not entitled to an assumption of truth in a

Rule 12(b)(6) motion, and that a Court must instead look at the facts actually pled by a party to

determine if they meet the plausibility requirement imposed by Twombly.  Iqbal, 2009 WL

1361536, slip op. at 14.

The Complaint before the Court fails to satisfy the requirements of Rule 8(a).  The

pleadings set forth by Nicholas recite that CMRE attempted to collect on a debt through

telephonic communications, but describe CMRE's actions only in language derived from the

statutory causes of action.  Nicholas's pleading addresses her debt in language derived from 15

U.S.C. § 1692a(5) as "a financial obligation arising out of a transaction in which the money,

property, insurance, or services which are the subject of the transaction are primarily for

personal, family, or household purposes."  (Compl. ¶ 16.)  The time frame during which Nicholas

received the telephone calls is described purely in terms of the one-year statute of limitations

under the FDCPA: "[w]ithin one year immediately preceding the filing of this complaint, CMRE

contacted NICHOLAS numerous times via telephone in an attempt to collect . . . ."  (Compl. ¶

22.)  And the content of the telephone communications is described only as a set of omissions or

4

in terms of generalized falsity.  (Id. ¶¶ 26-28.)  This kind of conclusory pleading, devoid of any

factual detail, fails to meet Rule 8(a)(2)'s requirement that the Complaint make a "showing that

the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Phillips, 515 F.3d at 234.  By limiting

itself to the language of the statutes  and failing to provide any facts specific to Nicholas, the

Complaint, as currently constituted, cannot meet the requirements of Rule 8(a)(2), Iqbal, and

Phillips, and this Court grants Defendant's motion with respect to Plaintiff's FDCPA claims.

      Having found that Defendant's motion must be granted, however, this Court notes that

the burden on a plaintiff to meet the federal notice pleading requirements remains low.  See In re

Tower Air, Inc., 416 F.3d 229, 236-238 (3d Cir. 2005) (rejecting the Delaware Court of

Chancery's species of notice pleading and looking to Form 9 (now Form 11) of the Federal Rules

for guidance on the factual detail required by Rule 8(a)).  Forms 10 through 21 of the Federal

Rules of Civil Procedure set forth sample pleadings for a variety of claims.  App. to Fed. R. Civ.

P., Forms 10-21.  The form complaints state few facts, and are admirably brief, but all provide

more facts than Nicholas has provided in this matter.  The patent claim indicates the general

subject matter of the invention; the tort claim indicates that the injuries were sustained due to a

motor vehicle collision; the complaint for recovery on a debt requires at least a summary of the

note.  App. to Fed. R. Civ. P., Forms 10, 11, 18.  While this Court will not require Nicholas to

"inject precision" into her claims at this time, as required under Rule 9(b), she must at least

provide some relevant facts providing the context for her claim to remove vagueness and

ambiguity.  Cf. Federico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (assessing pleading

under Rule 9(b)).

**B.      Plaintiff's TCPA Claim**

The TCPA regulates the activities of telemarketers to avoid the increasing nuisance of telemarketing and to prevent telemarketers from avoiding individual state regulation by operating in interstate commerce. ErieNet, Inc. v. Velocity Net, Inc., 156 F.3d 513, 514 (3d Cir. 1998). Because Congress expressly limited jurisdiction under the TCPA to state courts, 15 U.S.C. § 227(b)(3), the Third Circuit Court of Appeals has found that TCPA claims may not be brought in federal court pursuant to the federal question jurisdiction of this Court. ErieNet, Inc., 156 F.3d at 519.

Defendant argues that it cannot, from the face of the Complaint, determine whether or not it has a subject matter jurisdiction defense to Plaintiff's TCPA claim. (Def. Br. at 14.) Plaintiff admits that she pled in her Complaint that she was a resident of two separate states, New Jersey and California, and that she did not plead citizenship in either state. (Pl. Opp. Br. at 10.) Despite acknowledging that her novel method of pleading was less appropriate than pleading specific citizenship, Plaintiff asserts that her pleading is not vague or ambiguous. (Id. at 10.)

This Court finds that Plaintiff's pleading as to citizenship is ambiguous enough to require a more definite statement under Rule 12(e). The Complaint rests its jurisdictional pleading purely upon diversity jurisdiction with respect to the TCPA claim. (Compl. ¶ 5.) As Plaintiff, being an individual, may be a citizen of only one state for purposes of diversity jurisdiction, her Complaint is ambiguous as to her citizenship due to its references to the two states in which Plaintiff claims residency in this suit. See Frett-Smith v. Vanterpool, 511 F.3d 396, 400-01 (3d Cir. 2008) (equating citizenship in diversity with domicile rather than residency); Pl. Opp. Br. at 10. This Court finds that in this case, such ambiguity is sufficiently serious as to require that

6

Plaintiff file an amended pleading with respect to the jurisdictional basis of her TCPA claim.

In any case, even if Plaintiff's dual-residency jurisdictional pleading had not been raised in the instant motion, this Court has an independent duty to raise issues of subject matter jurisdiction sua sponte. Three Keys Ltd. v. SR Utility Holding Co., 540 F.3d 220, 225 n.7 (3d Cir. 2008). Although Plaintiff dismisses such jurisdictional concerns, mentioning that supplemental jurisdiction would support its FCPA claim even in the absence of diversity, this Court notes that under supplemental jurisdiction, dismissal of the federal question claims in this case could result in the refusal of this Court to hear any remaining state claims. See Combs v. Homer-Center School Dist., 540 F.3d 231, 244-45 (3d Cir. 2008) (reciting standard for declining to exercise supplemental jurisdiction). Whether the FCPA claim is supported by diversity jurisdiction, therefore, should be tested and determined as early as possible in this matter, and this Court finds that its duty to address issues of subject matter jurisdiction forms an independent ground for Plaintiff to amend her TCPA pleadings.

Additionally, Plaintiff should consider the requirements of Iqbal and Phillips with respect to the pleading requirements of Rule 8(a) when filing her new TCPA claim. 2009 WL 1361536, slip op. at 14; 515 F.3d at 232. Some supporting facts may be required to state a claim under Rule 8(a). Phillips, 515 F.3d at 232. In any case, mere recitation and quotation of statutory language reframed as legal conclusions does not suffice to state a claim under Rule 8(a). Iqbal, 2009 WL 1361536, slip op. at 14.

**C.    Defendant's Arguments Pertaining to Rule 23**

With respect to Nicholas's class allegations, CMRE claims that it cannot determine its Rule 12 defenses to class certification based on the complaint, specifically that the purported

class is national in scope or that it is sufficiently numerous to justify a class action.  (Def. Br. at 15.)  Additionally, Defendant claims that it cannot at present determine based on Nicholas's Complaint whether or not a superiority defense to certification exists under Rule 23.  (Id.)  Nicholas responds by claiming that the burden is on CMRE to deny, based on specific facts, that a class can be certified in this matter.  (Pl. Opp. Br. at 11.)

After Twombly, courts in this circuit have found that class allegations must also comply with Rule 8(a) in order to proceed to class discovery.  Hodczak v. Latrobe Specialty Steel Co., No. 08-649, 2009 WL 911311, at *9 (W.D. Pa. Mar. 31, 2009); Smith v. Lyons, Doughty & Velduius, P.C., No. 07-5139, 2008 WL 2885887, at *5 (D.N.J. July 23, 2008).  Defendant is correct in its argument that the Complaint does not set forth a sufficient factual basis for its class allegations; indeed, the class allegations under Rule 23 in the Complaint are phrased as legal conclusions based on the language of the class action pleading requirements.  (Compl. at 14-17.)  Defendant's motion is therefore granted with respect to Plaintiff's class allegations, and a more definite complaint must be filed in order to comply with Rule 8(a).

## CONCLUSION

For the reasons heretofore given, this Court grants Defendant's motion for a more definite statement.  An appropriate Order accompanies this Opinion.


DATED: June 9, 2009                           /s/ Jose L. Linares
                                          United States District Judge

8