NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| : | |
| CHRISTINE M. NICHOLAS, an individual;: | **Hon. Dennis M. Cavanaugh** |
| on behalf of herself and all others similarly: | |
| situated                                    : | **OPINION** |
|                                             : | |
| Plaintiff,           : | Civil Action No. 08-CV-4857 (DMC) |
|                                             : | |
| v.                   : | |
|                                             : | |
| CMRE FINANCIAL SERVICES, INC., a: | |
| California Corporation; and JOHN and | |
| JANE DOES NUMBERS 1 THROUGH 25, | |
|  | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by CMRE Financial Services, Inc. ("Defendant") to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Defendant's motion is **denied**.

I.     BACKGROUND[1]

On September 30, 2008, Christine M. Nicholas ("Plaintiff") filed an initial class action Complaint, individually and on behalf of all other putative class members. Plaintiff asserted claims pursuant to the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA") against moving Defendant and twenty-five other fictitious Defendants. On November 6, 2008, Defendant filed a motion for a more definite statement. On July 9, 2009,

---

[1]These facts presented here have been adopted from the parties' respective submissions.

Plaintiff filed an Amended Complaint ("Am. Compl."), abandoning the original TCPA claims as no longer viable in light of applicable case law.  On July 23, 2009, Defendant filed a motion to dismiss in connection with the Amended Complaint.

Prior to May 27, 2007, Plaintiff sought medical services at East Valley Whittier Community Hospital.  Thereafter, Plaintiff began to receive pre-recorded telephonic messages transcribed as follows:

> We are calling on behalf of - *Intercommunity E Slash R M E D Group*. This message is concerning an important business matter intended only for - *Christine Cohen*. If you are this person, please contact us at 1-800-783-9118, extension - *450*. And when calling, please refer to Reference Number - *5907994*. If you are not this person, please disregard this message and hang-up.

Am. Compl., ¶ 28-31.  The respective dates of these messages, as alleged by Plaintiff, include October 2, 2007, October 9, 2007, October 30, 2007 and November 15, 2007.  Plaintiff alleges that the telephone number contained in the voicemail is answered by debt collectors from CMRE. Plaintiff believes that the calls were the product of an alleged and disputed debt arising from the medical services previously sought by Plaintiff at East Valley Whittier Community Hospital. Plaintiff contends that the voicemails constituted false, deceptive and misleading communications. The Amended Complaint identifies a nationwide class, subject to certain exceptions, consisting of all persons who received a voicemail from CMRE "in a connection with the collection of a debt, which message failed to identify CMRE as the caller, disclose that the communication was from a debt collector, or state that the purpose or nature of the call was to collect a debt."

## II.  STANDARD OF REVIEW

"The [d]istrict [c]ourt, in deciding a motion under Fed. R. Civ. P. 12(b)(6), [is] required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in

the light most favorable to the [Plaintiff]." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).   "While a complaint attacked  by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly,  550 U.S. 544, 555 (2007). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986).   "Factual allegations must be enough to raise a right to relief above a speculative level, [ ] on the assumption that all factual allegations in the complaint are true (even if doubtful in fact)."  Bell at 555-56.

### III.   DISCUSSION

A.      Fed. R. Civ. P. 23(b)(3) - Superiority Requirement

Defendant contends that Plaintiff's Amended Complaint fails to satisfy the superiority requirement of Federal Rule of Civil Procedure 23(b)(3).  Specifically, Defendant alleges that the alleged prospective class is likely to consist of thousands, or even millions of members, and therefore, any prospective relief would result in *de minimus* recovery as a consequence of the statutory cap on damages authorized pursuant to the "FDCPA."  Therefore, Defendant claims that the Amended Complaint should be dismissed with respect to the putative class because the proposed class action is not the superior method of adjudication.   Plaintiff contends that the proposed class likely numbers in the hundreds, and perhaps thousands, but not the tens of thousands or even millions as suggested by Defendant. Further, Plaintiff argues that even if the putative class number rose to the millions, *de minimus* recovery is not an automatic bar to a class action.

"The FDCPA sets a $1000 statutory limit on damages awarded in a private actions."  Weiss

v. Regal Collections, 385 F.3d 337, 340 n.3 (3d Cir. 2004) (citing 15 U.S.C. § 1692k(a)). "The statute also limits the amount of damages recoverable in a class action to the 'lesser of $ 500,000 or 1 per centum of the net worth of the debt collector.'" Id. (citing 15 U.S.C. § 1692k(a)(2)(B)).

To certify a class, Rule 23(a) requires that there be numerosity, commonality, typicality and adequacy of representation. Fed. R. Civ. P. 23(a).  If Rule 23(a) is satisfied, a class action may be maintained where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  Relevant considerations include the following:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

"The superiority requirement 'asks the court to balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication.'" In re Warafin Sodium Antitrust Litig., 391 F.3d 516, 534 (3d Cir. 2004). In that case, the Warafin Court stated,

> [n]otably, there are a potentially large number of class members in this matter, including some 2 million consumers and potentially thousands of TPPs. However, individual consumer class members have little interest in "individually controlling the prosecution or defense of separate actions," Fed. R. Civ. P. 23(b)(3)(A), because each consumer has a very small claim in relation to the cost of prosecuting a lawsuit. Thus, from the consumers' standpoint, a class action facilitates spreading of the litigation costs among the numerous injured parties and encourages private enforcement of the statutes. [internal citation omitted].

Id.  Assuming, without concluding, as Defendants contend that the putative class members number in the millions, efficiency and fairness militate toward class action litigation, rather than timely, duplicative and costly adjudication in potentially millions of suits by individual claimants.

Similarly, in Stair v. Thomas & Cook, the United States District Court for the District of New Jersey certified a class in a FDCPA claim consisting of 46 members and permitting recovery on an individual basis of $59.78 per claimant from a fund of $2,750.  2010 U.S. Dist. LEXIS 48706, at *5 n.2 (D.N.J. June 10, 2009); compare Leyse v. Corporate Collection Services, 2006 U.S. Dist. LEXIS 67719, at *25 n.5. (S.D.N.Y. Sep. 18, 2006).  At this time, reading the Amended Complaint in the light most favorable to Plaintiff, the Court declines to dismiss the putative class based on an alleged de minimus recovery.  Therefore, Defendant's motion is **denied**.

B.      15 U.S.C. § 1692 - Communication

Defendant contends that the disputed messages do not convey information regarding debt, therefore, the messages do not constitute communications pursuant to the FDCPA.  Further, Defendant alleges that in the absence of a viable claim pursuant to the FDCPA, the representative action must be dismissed for lack of typicality.  Additionally, Defendant asserts that Plaintiff fails to plead the factual context in which the communication arose, specifically whether the voicemail constituted an initial contact or a continuation of prior collection efforts.

By contrast, Plaintiff asserts that the message, identifying a creditor and debt collection reference number, qualifies as a communication in connection to an alleged debt.  Further, in contrast to 15 U.S.C. § 1692e, a 'communication' as defined by that provision is not required with respect to the application of the disclosure provisions contained in 15 U.S.C. § 1692d.

The goal of the FDCPA is to "eliminat[e] abusive debt collection practices by debt collectors

5

. . . [and] insur[e] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Campuzano-Burgos v. Midland Credit Mgmt, 550 F.3d 294, 298 (3d Cir. 2008).  Pursuant to 15 U.S.C. § 1692a, "[t]he term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium." "[G]iven the choice language by Congress,"

> the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, a narrow reading of the term 'communication' to exclude instances such as the present case where no specific information about a debt is explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors to circumvent the § 1692e(11) disclosure requirement, and other provisions of the FDCPA that have a threshold 'communication' requirement, merely by not conveying specific information about the debt.

Foti v. NCO Fin. Sys., 424 F. Supp.643, 657 (S.D.N.Y. 2006).  At the same time, "[a] phone call by a debt collector that in no way regards, or relates to, an outstanding debt would not violate the Act." Id. "In determining whether there is a violation of § 1692e, courts apply the least sophisticated consumer test."  Id. at 668.

The voicemail left on Plaintiff's cell phone may be transcribed as follows:

> We are calling on behalf of - *Intercommunity E Slash R M E D Group*. This message is concerning an important business matter intended only for - *Christine Cohen*. If you are this person, please contact us at 1-800-783-9118, extension - *450*. And when calling, please refer to Reference Number - *5907994*. If you are not this person, please disregard this message and hang-up.

Am. Compl., ¶ 28-31.

Defendant does not assert that voicemail on Plaintiff's cell phone was in relation to something other than debt collection, but instead contends that in failing to convey words concerning the alleged

debt, the message is exempt from the definition of communication within the FDCPA.  Defendant also seeks to impose a heightened pleading standard, requiring that Plaintiff plead the context in which the individual messages arose.  The Court disagrees.

With respect to Defendant's argument that Plaintiff is required to plead the context of the communication, the Court disagrees.  First, Defendant is misguided in citing the Costa v. Nat'l Action Fin. Servs case.  634 F. Supp. 2d 1069 (E.D. Cal. 2007).  That case holds that subsequent calls initiated by a debtor to a creditor, not a creditor to a debtor, do not require a creditor to extend the standard requisite disclosures mandated by 15 U.S.C. § 1692e.  Id. at 1076.  Defendant's reliance upon Leyse is similarly misplaced.  There, the Leyse Court determined that pre-recorded messages, despite the failure of the caller to identify itself as a creditor, or agent of a creditor, and despite the failure to identify the message as pertaining to debt or finance, constituted a communication with the meaning of the § 1692e.   Defendant attempts to present the Court with a convoluted argument hinging on the context in which the communication arose.  Regardless of whether the communication is an effort to initiate communication or subsequent to an initial communication, it is clear that the conveyance is subject to the provisions of 15 U.S.C. § 1692e(11).  In accordance with that provision,

> [t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector [constitutes a violation].

15 U.S.C. § 1692e(11).  Despite this provision, Defendant seeks to impose an unfounded contextual distinction and heightened pleading standard that is not otherwise required with respect to Plaintiff's FDCPA claim.

Moreover, to the extent that Reference Number - 5907994 relates to collection of a debt, the message constitutes a direct communication in accordance with the definition articulated by 15 U.S.C. § 1692e. At the same time, if debt collection serves as the underlying purpose of the messages extended to Plaintiff, then the voicemails constitute an indirect communication in accordance with the definition articulated by 15 U.S.C. § 1692e. The Court will not permit Defendant to obviate liability by encrypting messages otherwise intended to extend communications concerning debt collection. On this ground, Defendant's motion is **denied**.

C.      Judicial Notice

Pursuant to Fed. R. Civ. P. 12(d), "[i]f, on motion under Rule 12(b)(6) [ ], matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Pursuant to that Fed. R. Evid. 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Further, "[a] 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" Kent v. Tabafunda, 2008 U.S. Dist. LEXIS 47649, *9 (D.N.J. June 19, 2008); See Pension Benefit Guar. Corp. v. White Consul. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) ("We now hold that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."). "Any further

expansion beyond the pleading, however, may require conversion of the motion into one for summary judgment." Id.; Fed. R. Civ. P. 12(d).

By way of reply, Defendant requests that the Court take judicial notice of the original Complaint and an affidavit filed by Defendant in accordance with the instant motion.  Although the initial Complaint is a matter of public record, the Complaint has been amended.  The Court is cognizant of the inconsistency underscored by Defendant with respect to the alleged population of the prospective class.  At the same time, pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to treat the allegations contained in the Amended Complaint as true for purposes of this motion.  Further, the affidavit Defendant seeks to admit is premised upon the contention that an excessive amount of potential claimants exist diluting prospective recovery.  This allegation is in direct contrast to Plaintiff's contention that around a thousand claimants exist.  In light of this disputed claimant population, judicial notice of the affidavit is improper.   For purposes of the instant motion, Defendant's request for judicial notice is **denied**.

IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Amended Complaint is **denied**. An appropriate Order accompanies this Opinion.

                                          S/ Dennis M. Cavanaugh
                                          Dennis M. Cavanaugh, U.S.D.J.

Dated:          March  16 ,  2010
Original:       Clerk
cc:             All Counsel of Record
                Hon. Mark Falk, U.S.M.J.
                File